*Fee Due    Related DDS*

NAME **Jerome Kelly**

PRISON IDENTIFICATION/BOOKING NO. **CDC# AL6585/AT# 077340-7**

ADDRESS OR PLACE OF CONFINEMENT **P.O. Box 7001**

**Atascadero, CA 93423-7001**

Note:    It is your responsibility to notify the Clerk of Court in writing of any change of address. If represented by an attorney, provide his or her name, address, telephone and facsimile numbers, and e-mail address.

FILED
CLERK, U.S. DISTRICT COURT

**DEC 15 2025**

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**Jerome Eugene Kelly**

FULL NAME (Include name under which you were convicted)

Petitioner,

v.

**E. Mejia**

NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV **8:25-CV-2843-GW-PD**
To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION **Orange County**
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.    To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.    In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.    Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.    Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.    You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.    You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.    When you have completed the form, send the original and two copies to the following address:

> Clerk of the United States District Court for the Central District of California
> United States Courthouse
> ATTN: Intake/Docket Section
> 255 East Temple Street, Suite TS-134
> Los Angeles, California 90012

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☑ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue

   a. Place of detention  DSH Atascadero State Hospital

   b. Place of conviction and sentence  West Justice Center, and Central Justice Center

2. Conviction on which the petition is based *(a separate petition must be filed for each conviction being attacked).*

   a. Nature of offenses involved *(include all counts)* :  Kidnapping to commit a sex offense, sodomy by force, forcible oral copulation, Simple Kidnapping and sodomy by force, Committed the offense against more than one victim and prior strike

   b. Penal or other code section or sections:  PC 209(b)(1), PC 286(c)(2), PC 288(c)(2), PC 207(a), PC 286(c)(2), PC 667.61(a)(c)(d)(2), PC 667.61(b)(6)(e)(5)), 667(a)(1) 667 (d)(1), PC 1170.12(b)(c)(1)).

   c. Case number:  04NF0689

   d. Date of conviction:  July 20, 2011

   e. Date of sentence:  May 4, 2012

   f. Length of sentence on each count:  Count 2 used as the base term 25 years to life dotded plus a 5 years enhancement, ran concurrent with count 3, Count 5 50 years to plus 5 years plus 10 years

   g. Plea *(check one)* :

      ☑ Not guilty

      ☐ Guilty

      ☐ Nolo contendere

   h. Kind of trial *(check one)* :

      ☑ Jury

      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?   ☑ Yes  ☐ No

   If so, give the following information for your appeal *(and attach a copy of the Court of Appeal decision if available)*:

   a. Case number:  G046870

   b. Grounds raised *(list each)*:

      (1)  The trial court abused its descretion under evidence code section 352

      (2)  The jury should not have been instructed pursuant to CALCRIM 1191

(3) The trial cout erred when it instructed the Jury pursuant to CALCRIM 1190

(4) Count 4 should be stayed pursuant penal Code Section 654

(5) _____

(6) _____

c. Date of decision: September 13, 2013

d. Result Denied in part. Count 4 simple Kidnap was stayed pursuant to penal code section 654

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision? ☑Yes  ☐No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: G046870

b. Grounds raised *(list each)*:

(1) The trial court abused its descretion under evidence code section 352

(2) The trial court should not have instructed the Jury pursuant to CALCRIM 1191

(3) The trial court erred where it instructed the Jury pursuant to CALCRIM 1190 and 301

(4) _____

(5) _____

(6) _____

c. Date of decision: November 26, 2013

d. Result Denied

5. If you did not appeal:

a. State your reasons N/A

b. Did you seek permission to file a late appeal?   ☐Yes  ☑No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction? ☑Yes  ☐No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: Orange County Superior Court Central Justice Center Attn: Appeals Department

(2) Case number: M-21153

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: March 13, 2024

(4) Grounds raised *(list each)*:

(a) Petitioner claims he was charged more severely than white defendants who have similar charges

(b) A longer sentence was imposed because he is black

(c) A more severe sentence was imposed because one of the alledge victims was white

(d) _____

(e) _____

(f) _____

(5) Date of decision: March 27, 2024

(6) Result Denied

(7) Was an evidentiary hearing held?   ☐ Yes   ☑ No

b. (1) Name of court: N/A

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?   ☐ Yes   ☑ No

c. (1) Name of court: N/A

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes ☑ No

7.  Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

8.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

   **CAUTION**:    *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

   a.  Ground one: The Orange County District Attorney sought to charge the petitioner because he is black more severely than white defendants who have similar charges.

   (1) Supporting FACTS: It all starts with the Orange County District Attorney charging function, when it comes to black defendants they are more seriously charged than white defendants who have similar charges. Let's say for instance when the petitioner was first accused in the answer is continued on additional page.

   (2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☑ Yes    ☐ No

   (3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☑ Yes    ☐ No

   (4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☑ Yes    ☐ No

   b.  Ground two: The petitioners base term was doubled so it restrict the court from imposing two five year prison prior sentencing enhancements.

   (1) Supporting FACTS: In 2018, CDCR had written to the court saying the answer is continued on additional page.

a. Original police reports. The Petitioner was charged with one count of PC 286 (c)(2) against Elaina W; one count of PC 286(c)(2) against Michelle H. even though there wasn't any evidence to support a complete PC 286(c)(2), and one count of PC 261 against Gina D. But once the Orange County District Attorney had finished their investigation and found out the petitioner was black they filed twenty-two additional charges. All but three charges were baseless. (see attachment exhibit= A case summary sheet). Now had the petitioner been white it's less likely that the Orange County District Attorney would have charged him so severely. Because for CW Elaina W. testified during the petitioner's second trial that she was pushed into the front seat of his car. (see attachment exhibit= B second trial transcripts pages 238) line 20). She also described the petitioner's car as having four doors. But now during her tape and video recorded interview Elaina W. stated to detective Withams she was pushed in the back seat. (see attachment exhibit=C transcription of Elaina W.'s tape and video recorded interview with detective Withams page 49). Elaina W. also testified that the had mistaken the petitioner's belt for a gun. (see attachment exhibit=D second trial transcripts page 332). But during Elaina W.'s tape and video recorded interview detective Withams asked her if the petitioner was wearing a belt? And Elaina W. said no. (see attachment exhibit=E transcription of Elaina W.'s tape and video recorded interview with detective Withams page 39). The petitioner never should been charged with PC 209(b) against

Page 5 of 11

1  Elaina W. because of these inconsistant statements and
2  testimony. The Orange County District Attorney knew about
3  her inconsistant statements and testimony and did nothing
4  to correct them. Specifically because the petitioner is black.
5  As for Michelle H. the petitioner should not have been charged
6  with PC 209(D) because she told officer Chocek that she
7  had voulantarily accepted a ride from the petitioner.
8  (See attachment exhibit=F preliminary hearing transcripts page 8).
9  line 6-7). The Orange County District Attorney charged the petitioner
10 with a PC 286(c)(2) against Michelle H. even when there wasn't
11 any evidence to support a completed PC 286(c)(2) because he was
12 black he was convicted in a bench and Jury trial when
13 there wasn't any evidence to warrant such a charge. (see
14 attachment exhibit=G preliminary hearing transcripts page 58).
15 The RJA permits a defendant to prove an RJA violation where
16 the defendant was charged or convicted of a more serious offense
17 than defendants of other races, ethnicities, or national origins
18 who have engaged in similar conduct and are similarly situated,
19 and the evidence established that the prosecution more
20 frequently sought or obtained convictions for more serious
21 offenses against people who share defendant's race, ethnicity,
22 or national origin in the county where the convictions were
23 sought or obtained. (§ 745 subd.(a)(3)), This provision require
24 government data, specifically county data on charging broken down
25 by race, ethnicity, or national origin. The petitioner cannot meet
26 the burden of proof to establish a violation under these
27 subdivisions if he lack statistical or other information that is
28 in control of the state. The discovery provision of subdivision (d)

1  provides a mechanism for the petitioner to acquire such data
2  needed to support his claim. The petitioner cannot successfully
3  raise a discrimination claim under subdivision (b)(2) and (b)(3)
4  without data held by the government, specifically charging
5  complaints of white defendants who have similar charges for
6  the years of 2004, and 2008. So he can prove white defendants
7  were being less severely charged then black defendants by the
8  Orange County District Attorney. Because of these grounds mentioned
9  the petitioner is asking the court to dismiss count 1 PC 209(D)
10  against Elaina W, and modify the verdict as to count 5 PC 286(c)(2)
11  against Michelle H. to an attempt PC 286(c)(2). And remand him back
12  to the Orange County Jail for re-sentencing. As well as compale the
13  Orange County District Attorney to turn over the petitioner charging
14  complaints of white defendants for the years of 2004, and 2008 so
15  that he was overcharged because he is black. Do to the complexities
16  in navigating a RJA claim the petitioner is asking the court
17  to appoint him, a lawyer.
18
19
20
21
22
23
24
25
26
27
28

1  b. petitioner's abstract of judgment was not filled out correctly. For
2  some reason, it took almost three years for the orange County superior
3  court to order the corrections but it never made it to the new
4  abstract of judgment. (See attachments exhibit= H letter from
5  Correctional Case Records Manager, letter from Appellate Defenders,
6  Inc., and and the petitioner wrote to Judge Megan L. Wagner on
7  several occassions asking that the corrections she ordered on
8  March 3, 2021 actually be made to the abstract, to reflect the
9  Petitioner's correct sentence of 100 years to life plus 5 years. Not
10 115 years to life. The last letter the petitioner wrote to Judge
11 Wagner was on 5-21-24. (See attachment exhibit= H copy
12 of envelope mailed to her). Asking that the corrections she
13 ordered on March 3, 2021 actually be made to the abstract.
14 They never were so the petitioner is asking for the court to
15 give him a removal order so he can be transported back
   to the Orange County superior court and given the correct
16 sentence. In the furtherance of justice.

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☑ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☑ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☑ Yes    ☐ No

c.  Ground three: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

d.  Ground four: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

e.  Ground five: _____

(1) Supporting FACTS: _____

_____

_____

_____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?    ☐ Yes    ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?    ☐ Yes    ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?    ☐ Yes    ☐ No

9. If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
☑ Yes    ☐ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a.    (1) Name of court: _____

(2) Case number:  I don't know _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*:  I don't Know ____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision:  I don't know _____

(6) Result  Denied _____

(7) Was an evidentiary hearing held?    ☐ Yes ☑ No

b.    (1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: ____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

(5) Date of decision: _____

(6) Result _____

_____

(7) Was an evidentiary hearing held?    ☐ Yes ☐ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to
this judgment of conviction?    ☐ Yes    ☑ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____

(b) _____

(c) _____

(d) _____

(e) _____

(f) _____

12. Are you presently represented by counsel?    ☐ Yes ☑ No

If so, provide name, address and telephone number: _____

_____

_____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on  12-9-25
                 *Date*

*Jeom Kell*
*Signature of Petitioner*

Attorney or Party without an Attorney
**NAME:**
**ADDRESS:**
**CITY, STATE, ZIP CODE:**
**TELEPHONE NO:**

---

**THE PEOPLE OF THE STATE OF CALIFORNIA**
Vs

Jerome Eugene Kelly                          **Defendant**

**CRIMINAL COURT CASE NO.:**

## PROOF OF SERVICE

1. At the time of the service I was at least 18 years of age.

2. I served copies of the

3. Party Served:

4. Address where party was served:

5. The documents were served by the following means *(specify)* Writ of Habeas Corpus

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the address listed in item 4. Delivery was made to the attorney's office by leaving the documents with the receptionist.

   b. ☑ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the address in item 4 and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am a resident in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)* Atascadero California.

   **I declare under penalty of perjury under the laws of the State of California that the foregoing true and correct.**

Date: 12-9-25

Jerome Kelly
(NAME OF DECLARANT)

Jerom Kelly
(SIGNATURE OF DECLARANT)

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: Case Summary Sheet

Number of pages to this Exhibit: ___|___ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [✓] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

# Case Summary

| Case Number: | 04NF0689 |
|---|---|
| OC Pay Number: | 2447293 |
| Originating Court: | North |
| Defendant: | Kelly, Jerome Eugene |

**Names:**

| | Last Name | First Name | Middle Name | Type | Date of Birth |
|---|---|---|---|---|---|
| | Kelly | Jerome | Eugene | Real Name | 12/31/1978 |
| | Kelly | Jerome | Eugene | Alias | 12/31/1978 |

**Register of Actions:**

| Date Action | Seq Nbr | Docket Code | Text |
|---|---|---|---|
| 02/27/2004 | 1 | FLDOC | Original Complaint filed on 02/27/2004 by Orange County District Attorney. |
| | 2 | FLCNT | FELONY charge of 209(b)(1) PC filed as count 1. Date of violation: 08/05/2003. |
| | 3 | FLCNT | FELONY charge of 286(c)(2) PC filed as count 2. Date of violation: 08/05/2003. |
| | 4 | FLCNT | FELONY charge of 286(c)(2) PC filed as count 3. Date of violation: 08/05/2003. |
| | 5 | FLCNT | FELONY charge of 288a(c)(2) PC filed as count 4. Date of violation: 08/05/2003. |
| | 6 | FLCNT | FELONY charge of 289(a)(1) PC filed as count 5. Date of violation: 08/05/2003. |
| | 7 | FLCNT | FELONY charge of 261(a)(2) PC filed as count 6. Date of violation: 11/05/2000. |
| | 8 | FLCNT | FELONY charge of 209(b)(1) PC filed as count 7. Date of violation: 06/15/2003. |
| | 9 | FLCNT | FELONY charge of 286(c)(2) PC filed as count 8. Date of violation: 06/15/2003. |
| | 10 | FLPRI | 667(a)(1) PC dated 12/07/2000, Case # 00WF2469 filed as prior # 1. |
| | 11 | FLPRI | 667(d) PC dated 12/07/2000, Case # 00WF2469 filed as prior # 2. |
| | 12 | FLPRI | 667(d)(e)(1) PC dated 12/07/2000, Case # 00WF2469 filed as prior # 3. |
| | 13 | FLPRI | 1170.12(b) PC dated 12/07/2000, Case # 00WF2469 filed as prior # 5. |
| | 14 | FLPRI | 1170.12(b)(c)(1) PC dated 12/07/2000, Case # 00WF2469 filed as prior # 5. |
| | 15 | FLALG | 667.61(a)(d)(2) PC added as other allegation as to count 2. |
| | 16 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 2. |
| | 17 | FLALG | 667.61(a)(d)(2) PC added as other allegation as to count 3. |
| | 18 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 3. |
| | 19 | FLALG | 667.61(a)(d)(2) PC added as other allegation as to count 4. |
| | 20 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 4. |
| | 21 | FLALG | 667.61(a)(d)(2) PC added as other allegation as to count 5. |
| | 22 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 5. |
| | 23 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 6. |
| | 24 | FLALG | 667.61(a)(d)(2) PC added as other allegation as to count 8. |
| | 25 | FLALG | 667.61(b)(c)(1)(e)(5) PC added as other allegation as to count 8. |
| | 26 | FIFCI | Declaration/Affidavit in Support of Arrest filed. |
| | 27 | WAARS | Felony Warrant of Arrest requested. |
| | 28 | TXRFR | Case referred to Judge Prickett for review. |
| 03/02/2004 | 1 | WAWSD | Warrant of Arrest warrant signed by Gregg L. Prickett and issued for defendant. Bail set at $1,000, 000.00, No O.R. Release. |
| 03/10/2004 | 1 | WFNBR | Warrant File Number 02806171 sent from AWSS for Warrant # 2088997. |
| 03/16/2004 | 1 | WASVD | Warrant 02806171 for Jerome E. Kelly DEFENDANT served by Anaheim Police Department on 03/16/2004. |
| 08/23/2004 | 1 | FITXT | Order to Transport Defendant filed. |
| | 2 | CLCST2 | Arraignment re: In Custody set on 09/17/2004 at 08:30 AM in Department N7. |
| | 3 | DSTUP | Defendant's release status updated to reflect: In Custody. |
| 09/10/2004 | 1 | CLCST2 | Arraignment re: In Custody set on 09/10/2004 at 08:30 AM in Department N7. |
| | 2 | HHELD | Hearing held on 09/10/2004 at 08:30:00 AM in Department N7 for Arraignment In Custody. |

# EXHIBIT COVER PAGE

$B$

**EXHIBIT**

Description of this Exhibit: Second trial transcripts page 238

Number of pages to this Exhibit: \_\_\_\_\_|\_\_\_\_\_ pages.

## JURISDICTION:    (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☑ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

```
 1              WHEN YOU SAW HIM THAT NIGHT, YOU DID NOT KNOW
 2   HIS NAME; IS THAT CORRECT?
 3        A.   NO.
 4        Q.   WHEN YOU WERE IN THE CAR -- LET ME BACK UP FROM
 5   THAT.
 6              YOU SAID HE PUSHED YOU INTO THE CAR, CORRECT?
 7        A.   YES.
 8        Q.   IS THAT ON THE PASSENGER SIDE OR THE DRIVER'S
 9   SIDE HE PUSHED YOU IN?
10        A.   PASSENGER.
11        Q.   IS THAT THE SAME SIDE WHERE THE BROKEN WINDOW
12   WAS?
13        A.   YES.
14        Q.   WHEN YOU WERE IN THE CAR, WAS THE BROKEN
15   WINDOW, WAS THAT THE WINDOW THAT WAS RIGHT NEXT TO YOU
16   SEATED IN THE CAR?
17        A.   YES.
18        Q.   DO YOU REMEMBER IF YOU WERE IN THE FRONT OR THE
19   BACK SEAT?
20        A.   FRONT.
21        Q.   DO YOU REMEMBER HOW MANY DOORS THAT CAR HAD?
22        A.   FOUR.
23        Q.   NOW, WHEN YOU WERE PUSHED INTO THE CAR, WAS
24   THERE ANYONE ELSE INSIDE THE CAR ALREADY?
25        A.   NO.
26        Q.   WHEN YOU WERE PUSHED IN THE CAR, DO YOU
```

# EXHIBIT COVER PAGE

C

EXHIBIT

Description of this Exhibit: Elaina W. trascription of her interview with detective Withams page 49

Number of pages to this Exhibit: ____|____ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court

☐ Superior Court

☐ Appellate Court

☐ State Supreme Court

☑ United States District Court

☐ State Circuit Court

☐ United States Supreme Court

☐ Grand Jury

PEOPLE vs JEROME KELLY

INVESTIGATOR:    HOW, HOW DID YOU END UP IN THE CAR?

ELAINA:          HE PUSHED ME IN THE CAR.

INVESTIGATOR:    OKAY. HOW DID THE DOOR GET OPEN?

ELAINA:          HE OPENED IT.

INVESTIGATOR:    WHICH DOOR?

ELAINA:          THE PASSENGER.

INVESTIGATOR:    PASSENGER, FRONT DOOR IS IT?

ELAINA:          BACK.

INVESTIGATOR:    DOES IT HAVE FOUR (4) DOORS OR TWO (2) DOORS?

ELAINA:          FOUR (4) DOORS, IMPALA (…).

INVESTIGATOR:    (…)

ELAINA:          (…)

INVESTIGATOR:    WAS IT AN OLDER OR NICE PAINT JOB?

ELAINA:          NO, IT WAS (…).

INVESTIGATOR:    (…)

ELAINA:          IT WAS LIKE BRAND NEW. IT WAS A NICE PAIN, PAINT

                 JOB. IT LOOKED REAL NICE.

49

# EXHIBIT COVER PAGE

D

EXHIBIT

Description of this Exhibit: Second trial transcripts page 332

Number of pages to this Exhibit: ____|____ pages.

JURISDICTION: (Check only one)

|  | Municipal Court |
|---|---|
|  | Superior Court |
|  | Appellate Court |
|  | State Supreme Court |
| ✓ | United States District Court |
|  | State Circuit Court |
|  | United States Supreme Court |
|  | Grand Jury |

```
 1          Q.    AT SOME POINT YOU SAID MR. KELLY GOT IN HIS CAR
 2    AND PULLED UP ALONG EUCLID ON THE WEST SIDE CURB OF
 3    EUCLID WHERE YOU WERE DRIVING -- I'M SORRY, WHERE YOU
 4    WERE WALKING; IS THAT CORRECT?
 5          A.    YES.
 6          Q.    SO THE SECOND CONTACT YOU HAD WITH MR. KELLY
 7    WAS FROM HIS CAR, CORRECT?
 8          A.    YES.
 9          Q.    THAT'S WHEN HE SAID, GET IN THE CAR AND -- FROM
10    HIS SEAT HE SAID, GET IN THE CAR, CORRECT?
11          A.    GET IN THE FUCKING CAR.
12          Q.    HE SHOWED YOU SOME SORT OF ITEM WHICH YOU SAID
13    YOU THOUGHT WAS A GUN?
14          A.    YES.
15          Q.    YOU TALKED ABOUT SEEING BLACK METAL AT SOME
16    POINT DURING THIS EVENT, CORRECT?
17          A.    YES.
18          Q.    AT SOME POINT IN YOUR TESTIMONY YOU SAID IT WAS
19    HIS BELT.  I GUESS IT WAS HIS BELT.  THERE WAS NO GUN,
20    SOMETHING LIKE THAT.  YOU REMEMBER SAYING THAT THIS
21    MORNING?
22          A.    YES.
23          Q.    WHAT DID YOU MEAN BY THAT?  YOU DIDN'T GET A
24    CHANCE TO TALK ABOUT THAT.  WHAT DID YOU MEAN BY THAT?
25          A.    HE UNSTRAPPED HIMSELF.
26          Q.    HE STRAPPED HIMSELF?
```

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: Elaina W. transcription of her interview with
detective Withams page 39

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:    (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

PEOPLE vs JEROME KELLY

INVESTIGATOR:        BELT?

ELAINA:              NO BELT.

INVESTIGATOR:        NO? AND WHAT BRAND HIS TENNIS SHOES WERE?

ELAINA:              NIKE.

INVESTIGATOR:        (...) MUSTACHE, BEARD?

ELAINA:              NO MUSTACHE, NO BEARD.

INVESTIGATOR:        WHAT ABOUT HIS HAIR. WHAT?

ELAINA:              IT WAS UHM (...)..

INVESTIGATOR:        LENGTH OF HIS HAIR?

ELAINA:              BALD.

INVESTIGATOR:        SHAVED?

ELAINA:              (...)

INVESTIGATOR:        HOW ABOUT HIS COMPLEXION?

ELAINA:              DARK, DARKER THAN ME.

INVESTIGATOR:        SIDEBURNS?

ELAINA:              NO SIDEBURNS.

INVESTIGATOR:        JUST ALL THE HAIRS GONE?

39

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: Preliminary hearing transcripts page 8

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:    (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [x] United States District Court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

1    SOMETHING ELSE HAPPENED?

2        A.    NO, SHE SAID SOMETHING ELSE HAPPENED.

3        Q.    WHAT WAS THAT?

4        A.    SHE SAID THAT A VEHICLE PULLED UP, AND IT WAS A

5    WHITE FOUR-DOOR VEHICLE THAT OFFERED TO GIVE HER A RIDE.

6        Q.    DID SHE ACCEPT THE RIDE?

7        A.    YES, SHE DID.

8        Q.    DID SHE TELL YOU WHERE SHE THOUGHT SHE WAS GOING

9    WHEN SHE ACCEPTED THE RIDE?

10       A.    SHE THOUGHT SHE WAS GOING TO BE GOING TO THE

11   HOSPITAL BECAUSE THAT WAS WHAT HER INTENTIONS WERE, TO GO TO

12   THE HOSPITAL.

13       Q.    DID SHE HAVE ANY CONVERSATION WITH THE DRIVER OF

14   THE CAR AS TO WHERE SHE WANTED TO GO?

15       A.    SHE TOLD THE DRIVER SHE WANTED TO GO TO THE

16   HOSPITAL.

17       Q.    AND DID SHE SAY HE AGREED TO TAKE HER THERE?

18       A.    YES.

19       Q.    DID THEY GO TO A HOSPITAL?

20       A.    NO.

21       Q.    WHERE DID ~~JANICE ECTNUMBER GRACE~~ SAY THEY WENT

22   INSTEAD?

23       A.    SHE SAID FIRST THEY DROVE WESTBOUND ON LINCOLN

24   AND THEY ARRIVED AT A MOTEL THAT SHE BELIEVED WAS THE CYPRESS

25   INN.

26       Q.    WHAT DID SHE SAY HAPPENED AFTER THAT?

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: Preliminary hearing transcripts page 58

Number of pages to this Exhibit: ____1____ pages.

JURISDICTION:   (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☑ United States District Court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

58

1      MR. DANE:  YOUR HONOR, AT THIS TIME, BASED ON

2  TESTIMONY, MOTION TO AMEND COUNT 3 TO BE A VIOLATION OF

3  ATTEMPTED 286(C)(2), NOT A COMPLETED.

4      THE COURT:  ANY OBJECTION TO THAT?

5      MR. CORRADO:  NO, YOUR HONOR.

6      MR. DANE:  BUT AS TO THE REST OF THE CHARGES AS ALLEGED

7  AND THE SPECIAL ALLEGATIONS ATTACHED THERETO, THE PEOPLE HAVE

8  A MOTION TO HAVE THE DEFENDANT HELD TO ANSWER.

9      MR. CORRADO:  WITH THAT AMENDMENT, SUBMITTED, MA'AM.

10     THE COURT:  THE COURT DOES FIND THAT THERE'S SUFFICIENT

11  EVIDENCE TO BELIEVE THAT THESE CRIMES HAVE BEEN COMMITTED BY

12  THE DEFENDANT.  HE IS HELD TO ANSWER ON ALL COUNTS AND IS

13  ORDERED TO APPEAR IN C-5 ON 3/21/05 AT 8:30 A.M. WITHOUT ANY

14  FURTHER ORDER OF THIS COURT.  BALL TO REMAIN.

15                  (END OF PROCEEDINGS.)

16                    *  *  *  *  *

17

18

19

20

21

22

23

24

25

26

# EXHIBIT COVER PAGE



EXHIBIT

Description of this Exhibit: Letter from Correctional Case Records Manager,
letter from Appellate Defender's Inc. and copy
of envelope mailed to Judge Megan L. Wagner.

Number of pages to this Exhibit: ____3____ pages.

JURISDICTION:   (Check only one)

Municipal Court

Superior Court

Appellate Court

State Supreme Court

✓ United States District Court

State Circuit Court

United States Supreme Court

Grand Jury



DIVISION OF ADULT INSTITUTIONS
LEGAL PROCESSING UNIT
P.O. Box 942883
Sacramento, CA 94283-0001
(916) 323-7489 FAX (916) 323-7374

May 23, 2018

PLEASE BE ADVISED

Your Case Records Manager will provide you with any amended documents received from the court, which could be from 90 to 120 days. If you have any questions regarding the status of your case, please direct them to your Case Records Office.

Honorable William L. Evans
Judge of the Superior Court
County of Orange
P.O. Box 1994
Santa Ana, CA 92702-1994

Re: **KELLY, JEROME EUGENE**
CDC No.: AL-6585
Case No.: 04NF0689
Date of Sentence: May 4, 2012

INMATE'S COPY

Dear Judge Evans:

A review of the documents delivered with the above-named inmate indicates the Abstract of Judgment and/or Minute Order may be in error, or incomplete, for the following reasons:

- The Indeterminate Abstract of Judgment reflects an enhancement pursuant to PC 667.61(A)(D)(2) as to Counts **2A, 3A and 5A**. PC 667.61(A)(D)(2) is **not** an enhancement, but rather elevates specific counts to the life sentence of 25-years-to-life. Please clarify.

- The Determinate Abstract of Judgment reflects an enhancement pursuant to PC 667(A)(1) of 5 years imposed and **concurrent**. Pursuant to PC §667(A)(1), ". . . in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run **consecutively**." **Please note**: PC 667(A)(1) is a case enhancement and not a count enhancement. Please clarify.

Please review your file to determine if a correction is required. When notified by the Department of Corrections and Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices, *People v. Hill* 185 Cal.App.3d 831. We would appreciate you providing a **certified copy of any Minute Order or modified Abstract of Judgment** to this Department. May we also request the attached copy of this letter be returned with your response. If this case is under appellate review, please forward a copy of this letter to the appellate attorney.

Sincerely,

ROSIE BERNAL
Correctional Case Records Manager

*Vickie Kinek*

BY: VICKIE KINEK
Correctional Case Records Analyst

cc: District Attorney          Private Attorney          Inmate          C-File

# APPELLATE DEFENDERS, INC.

### 555 WEST BEECH STREET
### SUITE 300
### SAN DIEGO, CA 92101

---

**(619) 696-0282**
**email address: abm@adi-sandiego.com**

---

## CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION

### APRIL 6, 2021

Mr. Jerome Kelly, #AL6585
S.V.S.P.
P.O. Box 1050
Soledad, CA 93960

> Re:   People v. Kelly
> Orange County case # 04NF0689
> Court of Appeal # G046870
> ADI # X210067

Dear Mr. Kelly:

We received your letter inquiring about filing a habeas corpus petition. I will discuss that below, but first have to explain a different matter.

After your letter arrived, our paralegal looked up the case in Orange County Superior Court and saw that CDCR had written to the court in 2018 saying the abstract of judgment in your case was not filled out correctly. For some reason, it took almost three years for the court (a different judge than the one from trial, who is retired) to order the corrections but she did so on March 3, 2021 (see the minutes from 03/03/2021, attached). It appears the correct sentence is supposed to be 100 years to life plus 5 years. But all of the corrections the judge ordered did not make it onto the new abstract of judgment – someone messed up again (see AOJ, 03/03/21, attached). I know the sentence is not your primary concern (as opposed to a habeas challenging the convictions based on IAC), but you should write a letter to the judge asking that the corrections she ordered on March 3, 2021, be properly made to the abstract of judgment. (I would suggest not asking for or saying anything else in this letter, just request that the corrections she ordered on March 3, 2021 actually be made to the abstract.) Her address is:

> Judge Megan L. Wagner
> Dept. C51
> Orange County Superior Court
> Central Justice Center
> 700 Civic Center Drive West
> Santa Ana, CA 92701

5-18-24

Jerome Kelly AL6585
P.O. Box 8101, Cell 7179
San Luis Obispo, CA 93409-8101

SANTA BARBARA CA  931
22 MAY 2024  PM 3  L

STATE PRISON
GENERATED MAIL

RECEIVED

MAY 28 2024

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

Judge Megan L. Wagner
Dept. C 51
Orange County Superior Court
Central Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701
Confidential

**S286529**

SUPREME COURT
**F I L E D**

AUG **2 7** 2025

Jorge Navarrete Clerk

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re JEROME EUGENE KELLY on Habeas Corpus.

The petition for writ of habeas corpus has been read and considered. Petitioner contends, among other claims, that he is entitled to relief under the Racial Justice Act of 2020. (Pen. Code, § 745.) In this respect, petitioner alleges that he was charged and convicted of more serious offenses than defendants of other races, ethnicities, or national origins who have committed similar offenses and are similarly situated and that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share petitioner's race, ethnicity, or national origin in Orange County.

The petition does not satisfy the statutory requirements for the appointment of counsel under the Racial Justice Act. (Pen. Code, § 1473, subd. (e) [providing for the appointment of counsel for an indigent petitioner who alleges facts that would establish a violation of the Racial Justice Act].) The request for counsel is denied.

Petitioner "has not established a prima facie showing of entitlement to relief" under the Racial Justice Act at this time. (Pen. Code, § 1473, subd. (e).) Petitioner fails to allege particularized facts that support his claim that he was charged or convicted of more serious offenses than similarly situated individuals of other races, ethnicities, or national origins in Orange County. (*Id.*, § 745, subd. (a)(3).) Nor does petitioner attach supporting documentary evidence concerning this claim.

Petitioner also seeks disclosure of discovery under the Racial Justice Act to obtain supporting evidence. (See Pen. Code, §§ 745, subd. (d), 1473, subd. (e).) We granted review in *In re Montgomery*, S287339 (*Montgomery*) to consider issues related to discovery requests under the Racial Justice Act. Because our resolution of the issues presented in *Montgomery* may affect the availability of discovery under the Racial Justice Act, which may in turn affect the ability of a petitioner to plead claims under that statute, the petition for writ of habeas corpus and discovery request are denied without prejudice to any relief to which petitioner might be entitled after this court decides *Montgomery*. (See Pen. Code, § 1473, subd. (e) ["A petition raising a claim [under the Racial Justice Act] on the basis of new discovery provided by the state or other new evidence that could not have been previously known by the petitioner with due diligence, shall not be deemed a successive or abusive petition"].)

**GUERRERO**

*Chief Justice*

Jerome Kelly AT# 077340-7 Unit# 32
DSH Atascadero
P.O. Box 7001
Atascadero, CA 93423-7001





RECEIVED
CLERK, U.S. DISTRICT COURT

DEC 1 5 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                          DPUY

NEW
CV

Clerk of the United States District Court for the Central
District of California
United States Courthouse
ATTN: Intake/Docket Section
255 East Temple Street, Suite TS-134
Los Angeles, CA 90012

